UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |
|---|---|

July 9, 2021

Persad Shastri
25 Park Lane South, Unit 3409
Jersey City, NJ 07310
*Pro Se Plaintiff*

Dorothy A. Kowal, Esq.
Price, Meese, Shulman & D'Arminio, PC
50 Tice Boulevard
Woodcliff Lake, NJ 07677
*Counsel for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** *Shastri v. Experian Information Solutions, Inc.*
**Civil Action No. 21-10085 (SDW) (LDW)**

Litigants:

Before this Court is Defendant Experian Information Solutions, Inc.'s ("Defendant" or "Experian") Motion to Dismiss ("Motion") Plaintiff Persad Shastri's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated below, Defendant's Motion is **GRANTED**.

A. Background

On October 31, 2017, Plaintiff filed a petition for Chapter 13 Bankruptcy (the "Petition"). (D.E. 4-1 at 1, 4–5.) The United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") dismissed the Petition on November 11, 2017 and terminated the matter on January 19, 2018. (*Id*.) The Petition remains a public record with the Bankruptcy Court. (D.E. 1-2 ¶ 3; *id*., Ex. A, 11 (discussing the "[v]acated [d]ismissal" of the "Chapter 13" case before "Judge John K. Sherwood"), 12 (same), 17 (same), 20 (same); D.E. 4-1 at 1–2, 4.) Defendant is a consumer reporting agency ("CRA") that obtained the Petition through LexisNexis Risk Management Inc. ("LexisNexis"), a third-party vendor, and reported the information therein. (D.E. 1-2 ¶ 4; D.E. 4-1 at 1.) While information pertaining to Plaintiff's Petition is "no longer being furnished" by LexisNexis, it is still being reported by Defendant. (D.E. 1-2 ¶ 4; *id*., Ex. A,

13, 16.) Plaintiff sent letters to Defendant on August 24, 2020 and September 26, 2020, referring to the Petition and suggesting that Defendant was "reporting inaccurate information." (D.E. 1-2, Ex. A at 26–27.) Plaintiff also demanded that Defendant perform a "reinvestigation" into the matter. (*Id*.) On November 24, 2020, Defendant conducted a "reinvestigation" and concluded that the Petition remains a public record.[1] (D.E. 1-2, Ex. A, 12.)

On February 15, 2021, Plaintiff filed his Complaint in the Superior Court of New Jersey (D.E. 1-2), alleging that Defendant negligently "violated [the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. ("FCRA")] by failing to perform a reinvestigation . . . failing to notify the furnisher of Plaintiff's dispute, and failing to provide Plaintiff with a credit disclosure . . . within 30 days of Experian's receipt of Plaintiff's dispute letters." (D.E. 1-2 ¶ 3.) The matter was removed to this Court on April 23, 2021 and Defendant moved to dismiss on May 14, 2021. (D.E. 4-1.) The motion is unopposed.

### B. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the *Iqbal* standard).

### C. Discussion

Under the FCRA, CRAs are required to "follow reasonable procedures" to assure the "maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). In cases of consumer disputes, CRAs must "conduct a reasonable investigation into the consumer's complaint and rectify any inaccuracies" in the consumer's credit report. *Sheechter v. Experian Information Solutions, Inc.*, Civ. No. 20-5552, 2021 WL 323302, *2 (D.N.J. Jan. 31, 2021) (citing 15 U.S.C. § 1681s-2(b)). Crucially, "in order to make out a prima facie violation of [the FCRA], 'the Act implicitly requires that a consumer . . . present evidence

---

[1] Although the Complaint asserts in some areas that a reinvestigation was not conducted, (D.E. 1-2, ¶ 2 ("defendant Experian did not conduct a reinvestigation …")), the exhibit attached by Plaintiff from Experian explicitly states: "Our reinvestigation of the dispute you recently submitted is now complete." (D.E. 1-2, Ex. A, 11–12.) Thus, Plaintiff's claims that a reinvestigation was not conducted are implausible and factually at odds with the exhibits.

tending to show that a credit reporting agency prepared a report containing 'inaccurate' information.'" *Shannon v. Equifax Information Servs.*, 764 F. Supp. 2d 714, 721 (E.D. Pa. 2011) (quoting *Cahlin v. Gen. Motors Acceptance Corp.,* 936 F.2d 1151, 1156 (11th Cir. 1991)). If a plaintiff fails to plead that a CRA reported inaccurate information, a court has no duty to inquire into the reasonableness of the defendant's investigation. *Id*. Despite vague references to "inaccurate information of Bankruptcy [*sic*]," (D.E. 1-2 ¶ 2), Plaintiff never clearly disputes the accuracy of the Petition and merely alleges that LexisNexis is no longer "furnishing" such information. (*See generally* D.E. 1-2.) Moreover, the exhibits attached to the Complaint suggest that a reinvestigation was conducted, and that this reinvestigation merely confirmed the accuracy of the bankruptcy filing. (*Id*., Ex. A.) Thus, even making all necessary inferences in Plaintiff's favor as required at this stage, Plaintiff does not plausibly allege that Defendant has reported an inaccuracy. As a result, the Complaint fails to state a claim upon which relief can be granted.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion is **GRANTED**. An appropriate order follows.

                                                                 /s/ Susan D. Wigenton
                                                **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Leda D. Wettre, U.S.M.J.